01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
07                                     AT SEATTLE

08   BEAU A. SMITH,                           )
                                              )   CASE NO. C08-0823-JCC
09              Petitioner,                   )
                                              )
10        v.                                  )   REPORT AND RECOMMENDATION
                                              )
11   JEFFREY A. UTTECHT                       )
                                              )
12              Respondent.                   )
     _____)

13

14          Petitioner Beau A. Smith proceeds pro se and in forma pauperis in this 28 U.S.C. § 2254

15   habeas action.   He is in custody pursuant to 2006 King County Superior Court convictions on

16   two counts of possession of stolen property in the first degree and one count of violation of the

17   Uniformed Controlled Substance Act/Possessing Cocaine, obtained in two separate

18   proceedings.   (Dkt. 45, Ex. 1 (relating to King County Superior Court Cause No. 06-1-02391-5

19   KNT) and Ex. 3 (relating to King County Superior Court Cause No. 05-1-12711-9 KNT).)

20          Petitioner raises five grounds for relief in his habeas petition.   (Dkt. 16.)   He appears

21   to concede that he did not exhaust any of these grounds for relief in state court, while asserting

22   cause to excuse his now procedurally defaulted claims.   (*See id.*)   Respondent filed an answer

REPORT AND RECOMMENDATION
PAGE -1

01  to the petition with relevant portions of the state court record.  (Dkts. 42 & 45.)  Respondent

02  argues that petitioner failed to properly exhaust all of his claims, that those claims are now

03  procedurally barred, and that petitioner fails to demonstrate cause and prejudice excusing his

04  procedural default.   Petitioner did not respond to respondent's answer.   Having now

05  considered petitioner's claims and all documents submitted, the Court recommends that

06  petitioner's habeas petition be denied without an evidentiary hearing and this action dismissed.

07                                                         I

08        As noted by respondent, this case involves an extensive and somewhat confusing

09  procedural history.   The Court, therefore, includes herein only the history necessary for

10  consideration of petitioner's habeas claims.

11        Petitioner was charged with one count of possession of stolen property in 2005.  (Dkt.

12  45, Ex. 20 at 1.)   He failed to appear for sentencing and, in 2006, was charged with a second

13  count of possession of stolen property and with possession of cocaine.  (*Id.*)  He was

14  convicted on all three counts in 2006.  (*Id.*, Exs. 1 & 3.)  Following appeals, the Superior

15  Court re-sentenced petitioner in both proceedings in 2008.  (*Id.*, Exs. 2 & 4.) The trial court

16  imposed two 43-month sentences on the possession of stolen property counts, to run

17  consecutively, and a 24-month sentence on the cocaine possession count, to run concurrently

18  with one of the possession of stolen property counts.  (*Id.*, Ex. 2 at 4 and Ex. 4 at 4.)[1]

19  _____

20  1 Unaware of the March 2008 re-sentencing, the Department of Corrections released petitioner into community
    custody in May 2008. (Dkt. 45, Ex. 20 at 3-4.)  Petitioner was thereafter arrested, in June 2008, on a new
    controlled substances charge in Pierce County. (*Id.* at 4.)  Petitioner pled guilty to that new charge and Pierce

21  County Court sentenced him on one count of attempted unlawful possession of a controlled substance, cocaine, in
    July 2008. (*Id.*, Ex. 5.)   That judgment and sentence is not at issue in the habeas petition under consideration. (*See

22  also* Dkt. 42 at 8-9 (respondent's answer describes petitioner's challenges to other judgments and sentences not at
    issue in this proceeding).)

REPORT AND RECOMMENDATION
PAGE -2

01  Petitioner has an earned release date of January 3, 2011.   (*Id.*, Ex. 37.)

02        Petitioner filed a notice of appeal with the Washington Court of Appeals on April 7,

03  2008 and, through counsel in the following August, a supporting brief.   (*Id.*, Ex. 6.)   The brief

04  raised the following assignments of error:

> Appellant was sentenced on the same date for offenses under two separate cause
> numbers, one from 2005 and the other from 2006. The trial court imposed a
> DOSA under the 2006 cause number and a standard range sentence under the
> other, to be served concurrently. On appeal, this Court reversed, holding the
> sentence imposed constituted an unlawful hybrid sentence because the
> community custody portion of the DOSA could not be served concurrently with
> the incarceration portion under the other cause number. At resentencing on both
> cause numbers, the trial court imposed standard range sentences under each and,
> at the State's request, ordered them to be served consecutively as aggravated
> exceptional sentences based on appellant's "criminal history."
>
> 1.     Was appellant denied his right to due process when the trial court
> granted the State's request when the State failed to provide notice it would seek
> an aggravated exceptional sentence before jurors found appellant guilty of the
> charges?
>
> 2.     Is appellant entitled to be resentenced before a different judge?
>
> 3.     If remand for resentencing is not required, is remand required for
> entry of written findings of fact and conclusions of law justifying the aggravated
> exceptional sentences?
>
> 4.     To the extent the "criminal history" notation in the judgment and
> sentence constitutes a written finding and conclusion, is it inadequate for
> purposes of appellate review because it fails to identify whether it is based on
> appellant's score or un-scored criminal history?

19  (*Id.* at 1-2.)   The Court of Appeals affirmed the sentence in an unpublished opinion dated April

20  13, 2009.   (*Id.*, Ex. 10.)   As asserted by respondent, given that the Court of Appeals thereafter

21  issued its mandate on May 22, 2009 (*id.*, Ex. 11), it does not appear that petitioner sought

22  review in the Washington Supreme Court.

REPORT AND RECOMMENDATION
PAGE -3

01    Petitioner filed a personal restraint petition in the Court of Appeals on November 12,

02  2008, asserting the following:

03        Petitioner is beyond his release date and DOC will not calculate petitioners
          revoked DOSA sentence in accordance to the recent case authority and RCW
04        provisions. Petitioners recalculation did not include all earned time, pre-release
          confinement time toward total of "now" 50 month sentence. DOC is tolling time
05        that i should recieve [sic] time credit for stating "he does not get credit for time
          served toward original sentence.   "he was not being held, awaiting an approved
06        plan and was unavailable for supervision due to serving longer sentence that was
          concurrent."

07

08  (*Id.*, Ex. 12 at 4.)   On May 6, 2009, the Acting Chief Judge of the Court of Appeals issued an

09  order dismissing the petition. (*Id.*, Ex. 15.)   Respondent asserts that, again, it does not appear

10  that petitioner sought review in the Supreme Court, pointing to the Court of Appeals' certificate

11  of finality issued on September 30, 2009.   (*Id.*, Ex. 16.)

12    Petitioner had filed another personal restraint petition in January 2009, raising the same

13  ground as in the prior petition and the following ground: "DOC is in violation of the due process

14  rights and constitutional rights by enforcing an illegal sentence, this constitutes cruel and

15  unusual punishment by the enforced sentence that does not exist."  (*Id.*, Ex. 17 at 4, 6.)  By

16  order dated July 7, 2009, the Acting Chief Judge of the Court of Appeals dismissed the petition.

17  (*Id.*, Ex. 20.) In September 2009, petitioner filed a motion for discretionary review in the

18  Washington Supreme Court, raising the following issue:

19        Should this court review the decision of the Court of Appeals, Division One,
          which is in conflict with RCW 9.94A.728; Wash. Const. Art. 1 § 3; U.S.C.A. 5th
20        and 14th Amendments, which hold that due process requires the jail
          administrator of a county facility to certify to the department the amount of time
21        spent in custody at the facility, and the amount of earned release time.

22  (*Id.*, Ex. 21 at 3.)   The Commissioner of the Supreme Court, on January 4, 2010, issued a

REPORT AND RECOMMENDATION
PAGE -4

01   ruling denying review.  (*Id*., Ex. 22.)   The Court of Appeals issued a certificate of finality on

02   March 5, 2010.  (*Id.*, Ex. 23.)

03        Petitioner also filed in Superior Court, on July 15, 2009, a motion for order to show

04   cause pursuant to CrR7(b).  (*Id.*, Ex. 24.)   He presented in that motion a series of issues

05   relating to the time structure of his judgments and sentences.  (*Id.* at 2-3.)   The following

06   month, the Superior Court transferred the motion to the Court of Appeals for consideration as a

07   personal restraint petition.  (*Id*., Ex. 25.)   Petitioner thereafter filed a motion seeking to raise

08   an additional argument and objecting to the transfer of the motion.  (*Id.*, Ex. 26.)   By letter

09   dated October 29, 2009, the Court Administrator/Clerk for the Court of Appeals informed

10   petitioner that his petition would be dismissed if he did not provide a statement of finances by

11   November 23, 2009.  (*Id*., Ex. 27.)   A letter dated December 18, 2009 indicated that the

12   petition was dismissed due to the lack of any filing fee or statement of finances.  (*Id*., Ex. 28.)

13   The Court of Appeals issued a certificate of finality on February 5, 2010.

14        Petitioner filed a notice of appeal in the Court of Appeals on September 18, 2009

15   seeking review of the order denying his motion to terminate his legal financial obligations.

16   (*Id.*, Ex. 30.)   (*See also id*., Ex. 31.)   He subsequently withdrew the appeal voluntarily.  (*Id*.,

17   Ex. 33.)   The Court of Appeals issued its mandate on January 29, 2010.  (*Id.*, Ex. 34.)

18                                             II

19        Petitioner raises the following grounds for relief in this habeas action:

20        GROUND ONE:   Exceptional sentence imposed based on *criminal history*

21        Exceptional sentence exposure was argued at sentencing hearing on 7-19-06 and
         was not imposed because of cited authority in pre-sentence report and
22        controlling statutes. See (PSR) PG.2 LN.6-PG 3LN.16 I feel the judge cannot

REPORT AND RECOMMENDATION
PAGE -5

01    impose exceptional sentenced based solely on criminal history. See J&S PG. 4
      I feel a jury should have made that decision pursuant to the new statute and
02    provisions for "on remand" and adopt "original" findings and facts and under
      the "essential rule".

03
      GROUND TWO:   New statute. See attached letter from lawyer
04
      On remand from COA judge imposed consecutive sentences pursuant to a new
05    statute. (Took away two DOSA sentences concurrent to a standard range) and
      imposed consecutive sentences pursuant to another statute
06
      GROUND THREE:   Vindictive judge. See attached letter from attorney
07
08    Judge was vindictive when he refused to order a sentence that would enable me
      to have a DOSA on both cases. After COA remanded the judge stated "he had
      other more important matters to deal with" file a motion for reconsideration or
09    appeal it". He did not care that I had completed all of the first 43 months on the
      other cause and that I had 48 days left to serve and had did the DOSA treatment.
10
      GROUND FOUR: Ineffective assistance of counsel CR (60-(11) (fraud)
11
12    Deceived by what I thought the attorney was going to do and the fact that the
      attorney did not file requested motions and research possible sentencing issues
      for the remand. Preparation nature of attorneys duties were not standards of
13    undeviating fidelity to client. Attorney admitted she did absolutely no research
      or preparation for the remand.  Stated to me had not even read any of the
14    previous pre-sentence reports and was sure that I was going to get concurrent
      sentences on the remand.
15
      . . .
16
      (A)    1   Attorney did not argue or object to non-compliance of the "essential
17           rule" application for exceptional sentences.

18           2   New statute allows for the court to empanel a jury for exceptional
             sentences and "only the original" findings of fact can be used on remand
19           from the original sentencing hearing.

20           3   Attorney did not argue about the findings of fact or impaneling a jury
             on remand pursuant to the new statute.
21
             4   Sentences for non-violent offenses should be concurrent.
22

REPORT AND RECOMMENDATION
PAGE -6

01          GROUND FIVE: "Proper notice"

02          (A)    1    Proper notice requires that aggravating factors supporting an
                         exceptional sentence appear in charging document under "essential
03                       rule".

04          . . .

05   (Dkt. 16 at 5-11; case altered.)

06          Respondent asserts that petitioner failed to properly exhaust all of his grounds for relief,

07   that those claims are now procedurally barred, and that petitioner fails to establish cause and

08   prejudice to excuse his procedural default.   Petitioner failed to submit any response to

09   respondent's answer.

10                                              III

11          "An application for a writ of habeas corpus on behalf of a person in custody pursuant to

12   the judgment of a State court shall not be granted unless it appears that . . . the applicant has

13   exhausted the remedies available in the courts of the State."   28 U.S.C. § 2254(b)(1)(A).   The

14   exhaustion requirement "is designed to give the state courts a full and fair opportunity to

15   resolve federal constitutional claims before those claims are presented to the federal courts,"

16   and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve

17   any constitutional issues by invoking one complete round of the State's established appellate

18   review process."   *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

19          A complete round of the state's established review process includes presentation of a

20   petitioner's claims to the state's highest court.   *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994).

21   "Submitting a new claim to the state's highest court in a procedural context in which its merits

22   will not be considered absent special circumstances does not constitute fair presentation."

REPORT AND RECOMMENDATION
PAGE -7

01  *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (*citing Castille v. Peoples*, 489 U.S. 346,

02  351 (1989) (presentation of claims to a State's highest court on discretionary review, without

03  more, does not satisfy the exhaustion requirement).)

04       A petitioner must "alert the state courts to the fact that he was asserting a claim under

05  the United States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (*citing*

06  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "The mere similarity between a claim of

07  state and federal error is insufficient to establish exhaustion." *Id*. (*citing Duncan*, 513 U.S. at

08  366). "Moreover, general appeals to broad constitutional principles, such as due process,

09  equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.*

10  (*citing Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

11       When a petitioner fails to exhaust his state court remedies and the court to which

12  petitioner would be required to present his claims in order to satisfy the exhaustion requirement

13  would now find the claims to be procedurally barred, there is a procedural default for purposes

14  of federal habeas review. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Pursuant to

15  RCW 10.73.090, no petition or motion for collateral attack on a judgment and sentence in a

16  criminal case may be filed more than a year after the judgment becomes final. Pursuant to

17  RCW 10.73.140, if a person has already filed a personal restraint petition, any new petition

18  would be barred as successive without a showing that a previous petition had not been filed on

19  similar grounds and a showing of good cause as to why those grounds were not previously

20  raised. When a state prisoner defaults on his federal claims in state court, pursuant to an

21  independent and adequate state procedural rule, federal habeas review of the claims is barred

22  unless the prisoner can demonstrate cause, i.e. some external objective factor that prevented

REPORT AND RECOMMENDATION
PAGE -8

01  compliance with the procedural rule, and prejudice, i.e. that the claim has merit, or that the

02  failure to consider the claims will result in a fundamental miscarriage of justice.  *Coleman*, 501

03  U.S. at 750; *Harris v. Reed*, 489 U.S. 255, 263 (1989).

04         Respondent asserts, and petitioner appears to concede, that petitioner failed to exhaust

05  his grounds for relief.  (*See* Dkt. 16 at 5-11.)  As noted by respondent, petitioner's sole

06  Washington Supreme Court matter did not include any of his current challenges.  (Dkt. 45, Ex.

07  21 at 3.) (*See also id*., Ex. 36 (search results for State of Washington ACORDS Appellate Court

08  System for petitioner which respondent asserts demonstrates that petitioner has had only one

09  case before the Washington Supreme Court, under Washington Supreme Court Cause No.

10  83478-4).)  As such, the Court agrees that, in failing to present any of his grounds for relief to

11  the Washington Supreme Court, petitioner's claims remain unexhausted.  *James*, 24 F.3d at

12  24.[2]

13         The Court must also address the existence of a procedural bar.  In this case, petitioner

14  pursued at least three different personal restraint petitions in the Court of Appeals.[3]  There is

15  nothing to support the conclusion that petitioner could show good cause for not previously

16  raising his grounds for relief in those petitions.  As such, the state courts are unlikely to

17  entertain another petition from petitioner, RCW 10.73.140, and there is a procedural default for

18  the purposes of federal habeas review, *Coleman*, 501 U.S. at 735 n.1.

19         In order to excuse his procedural default and pursue his claims in this Court, petitioner

20  must demonstrate cause and prejudice, or that the failure to consider his claims will result in a

21  _____

2 Respondent states that it is doubtful petitioner properly raised any of his current claims in the Washington Court
of Appeals, but focuses on petitioner's clear failure to raise any of his claims in the Washington Supreme Court.

22

3 As described above, one of the petitions was construed as such by the state courts. (Dkt. 45, Ex. 25.)

REPORT AND RECOMMENDATION
PAGE -9

01  fundamental miscarriage of justice.   *Id.* at 750.   Petitioner, in explaining his failure to exhaust,

02  points to ineffective assistance of counsel.   (Dkt. 16 at 5-11.)   However, petitioner had no

03  right to counsel on discretionary review or in a collateral challenge and, therefore, no right to

04  effective assistance of counsel at those stages of the proceedings.   *Pennsylvania v. Finley*, 481

05  U.S. 551, 555 (1987); *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) (*citing Ross v. Moffitt*,

06  417 U.S. 600 (1974)).   As such, petitioner's allegation regarding counsel does not establish

07  cause excusing his procedural default.   *Coleman*, 501 U.S. at 752-54.

08         Nor does petitioner otherwise demonstrate cause.   He explains his failure to pursue one

09  claim on direct appeal as resulting from his lack of understanding and inexperience.   However,

10  ignorance of the law does not establish cause to excuse a procedural default.   *See, e.g., Hughes*

11  *v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (fact that a petitioner was

12  illiterate and lacked any legal assistance did not establish cause to excuse a procedural default).

13  Petitioner also states, without any further explanation, that his grounds for relief were not

14  previously presented due to ". . . /fraud/exceptional sentence/vindictive judge/non-compliance

15  of provisions on remand.   Was not applicable until this point in time (after the remand)."

16  (Dkt. 45, Ex. 16 at 12; *case altered*.)   These conclusory statements appear to reference

17  petitioner's grounds for relief, and do not otherwise suffice to establish the existence of some

18  external objective factor that prevented compliance with the state procedural rule.

19         Nor does petitioner establish prejudice or that the failure to consider his claims will

20  result in a fundamental miscarriage of justice.   To show prejudice, petitioner must show not

21  merely that the alleged errors "'created a possibility of prejudice, but that they worked to his

22  actual and substantial disadvantage, infecting his entire trial with error of constitutional

01  dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (*quoting United States v. Frady*,

02  456 U.S. 152, 170 (1982)) (emphasis in original).   Also, only in an "extraordinary case" may

03  the habeas court grant the writ without a showing of cause or prejudice to correct a

04  "fundamental miscarriage of justice" where a constitutional violation has resulted in the

05  conviction of a defendant who is actually innocent.  *Id.* at 495-96.   In this case, petitioner

06  presents no evidence to support a showing of prejudice or a fundamental miscarriage of justice.

07  Accordingly, petitioner's claims remain unexhausted and procedurally barred and, therefore,

08  his habeas petition should be denied and this case dismissed.

09                                                        IV

10        A petitioner seeking post-conviction relief under § 2254 may appeal a district court's

11  dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA)

12  from a district or circuit judge.   A COA may issue only where a petitioner has made "a

13  substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).   A

14  petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the

15  district court's resolution of his constitutional claims or that jurists could conclude the issues

16  presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*,

17  537 U.S. 322, 327 (2003).   Under this standard, the Court concludes that petitioner is not

18  entitled to a COA with respect to his claims.

19                                                        V

20        For the reasons discussed above, the Court recommends that petitioner's habeas petition

21  be DENIED and this case DISMISSED.   An evidentiary hearing is not required as petitioner's

22  allegations would not entitle him to relief.  *See Schriro v. Landrigan*, 550 U.S. 465, 474-75

REPORT AND RECOMMENDATION
PAGE -11

01 | (2007).   A proposed Order accompanies this Report and Recommendation.

02 |            DATED this 26th day of August, 2010.

03 |

04 |                                          Mary Alice Theiler

05 |                                          United States Magistrate Judge

06 |

07 |

08 |

09 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

REPORT AND RECOMMENDATION
PAGE -12